**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MILTON WILFREDO SALINAS PEREZ,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-24-2268** |
| **PRIMECARE MEDICAL, INC.,** ***et al.*****,** | * | |
| **Defendants.** | * | |

**MEMORANDUM OPINION**

Milton Wilfredo Salinas Perez, a former pretrial detainee at the Baltimore County Detention Center ("BCDC"), brought this civil rights action pursuant to 42 U.S.C. § 1983 against BCDC Director Walt Pesterfield, PrimeCare Medical, Inc. ("PrimeCare"), Dr. Zowie S. Barnes, Dr. Tina Norris, and R.N. Amelia Stringham, alleging BCDC medical staff violated his Eighth Amendment rights when they failed to provide him with appropriate medical care for his rheumatoid arthritis. Salinas Perez appears also to bring a medical malpractice claim against the defendants under Maryland's Health Care Malpractice Claims Act, Md. Code Ann., Cts. & Jud. Proc. §§ 3-2A-01 to 3-2A-10.

Pesterfield moved to dismiss Salinas Perez's complaint for failure to state a claim under Rule 12(b)(6). ECF 18. The remaining defendants also filed a motion to dismiss under Rule 12(b)(6). ECF 19. Salinas Perez was advised of his right to oppose the motions, *see* ECF 20 & 21, but he did not file an opposition to either. For the following reasons, Salinas Perez's claims are dismissed without prejudice.

## I. Background

Salinas Perez alleges the following facts in his amended complaint, ECF 5, and supplement, ECF 10.

Salinas Perez arrived as a pretrial detainee at BCDC on December 6, 2023. ECF 5, at 2, 4; ECF 10, at 1. Upon arrival, he informed unidentified medical staff that he had rheumatoid arthritis and required help with his condition. ECF 5, at 4; ECF 10, at 1. The staff told him that he "would receive [his] correct medication for [his] pain." ECF 5, at 4. He did not receive medical attention, even as his pain and health worsened. *Id.* Over a period of "more than 60 days," Salinas Perez submitted over 20 sick call slips and a "200 form complaint." *Id.* Only after these submissions was he seen by medical staff, whom he does not identify by name. *Id.* During Salinas Perez's medical visit, staff checked his blood pressure and vitals, but they did not address his rheumatoid arthritis. *Id*. at 4–5.

While Salinas Perez was in custody, his arthritis worsened further. *Id*. at 5. He "lost all ability to close [his] hands," his feet became swollen, his toes "deformed and curled back into [his] foot," and he lost movement in his jaw. *Id.* Salinas Perez "was terrified," and his pain was "extreme." *Id.*

Salinas Perez submitted more sick calls and was ultimately "seen for [his] arthritis" by a medical staff member whom he does not identify by name. *Id.* at 5. This individual gave him an "emergency injection to reduce the pain." *Id*. The medical staff member also told Salinas Perez that he "would receive a daily injection" moving forward. *Id.* Salinas Perez never received these injections. *Id.*

After Salinas Perez submitted another "200 form," he saw a doctor whom he does not identify by name. *Id*. Salinas Perez believes that the doctor gave him "experimental medicine" that made his pain worse. *Id*.

In addition to the injuries described above, Salinas Perez now suffers from "a loss of mobility in [his] wrist," "a bleeding ulcer from the medication," rectal bleeding, "extreme fluid in

[his] knee," and deformity in his shoulder. *Id*. In this lawsuit, he asserts a violation of his Fourteenth Amendment right to adequate medical care and seeks compensatory damages for pain, suffering, and medical expenses. *Id*. Salinas Perez also asserts "negligence" by the medical staff. *Id.*

Salinas Perez's initial complaint detailing these events was only one brief paragraph. ECF 1, at 4. The Court found this complaint to be "deficient because Salinas Perez [did] not clearly state a federal claim and [had] not explained how any of the named defendants were involved in the alleged conduct." ECF 4, at 3. The Court granted Salinas Perez leave to file an amended complaint and instructed him that it "must include all allegations against each defendant." *Id.* at 4. The Court noted in its order that the amended complaint needed to meet these directions or it could be dismissed with prejudice. *Id.*

Salinas Perez filed an amended complaint, but he still did not include defendant-specific allegations. *See* ECF 5. The Court provided him with "one additional opportunity to amend the complaint to explain why each of the defendants is named in the caption of the complaint, where each defendant works, and how each is responsible for the failure to provide Salinas Perez with treatment for his rheumatoid arthritis." ECF 9, at 1. Salinas Perez then submitted a one-page supplement to his amended complaint, which still did not include defendant-specific information. ECF 10, at 1.

Pesterfield moves to dismiss the amended complaint against him because it contains no allegations that he was involved in or aware of the relevant events. ECF 18-1, at 2. PrimeCare and medical staff members Barnes, Norris, and Stringham also move to dismiss the complaint. ECF 19. They assert that Salinas Perez's § 1983 claim for a violation of his constitutional right to medical care should be dismissed because Salinas Perez does not allege that PrimeCare had a

policy or custom that caused his constitutional violation, ECF 19-1, at 4–5, and that his medical negligence claim should be dismissed because he failed to comply with Maryland's Health Care Malpractice Claims Act requirements, *id.* at 6–9.

**II. Standard of Review**

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ Is the Answer Ministries, Inc. v. Baltimore Cnty.*, 915 F.3d 256, 263 (4th Cir. 2019) (citation modified).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and "draw all reasonable inferences in favor of" the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765 (4th Cir. 2022) (citation modified). But the court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (citation modified). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (citation modified). The

court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (citation modified).

The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court "consider[s] the complaint in its entirety." *KBC Asset Mgmt. NV v. DXC Tech. Co.*, 19 F.4th 601, 607 (4th Cir. 2021) (citation modified). The Court also may consider judicially noticed facts and documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015); Fed. R. Evid. 201(b).

Salinas Perez does not have counsel. "[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the court must construe Salinas Perez's pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the court] to attempt to discern the unexpressed intent of the plaintiff"; the court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation modified). Thus, a pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citation modified).

## III. Discussion

The United States Code provides a federal cause of action for any individual who believes a state actor has deprived them of a constitutional right. *See* 42 U.S.C. § 1983; *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The statute "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Two elements are essential to state a claim under § 1983: (1) the plaintiff must have suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation must have been "committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 45 n.3, 48 (1988) (quoting 42 U.S.C. § 1983).

Here, Salinas Perez alleges that the quality of medical care he received while in custody at BCDC violated his Eighth Amendment rights. Salinas Perez was a pretrial detainee at the time of the alleged constitutional violations, so his right to adequate medical care is protected by the Fourteenth Amendment, not the Eighth Amendment. *See Short v. Hartman*, 87 F.4th 593, 606 (4th Cir. 2023); *Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) ("[D]eliberate indifference to the serious medical needs of a pretrial detainee violates the due process clause." (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998))).

To state a claim for deliberate indifference to his medical needs, a pretrial detainee like Salinas Perez must allege:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Short*, 87 F.4th at 611. Thus, pretrial detainees can "state Fourteenth Amendment claims for deliberate indifference to a serious risk of harm on the purely objective basis that the governmental action they challenge is not rationally related to a legitimate nonpunitive governmental purpose or is excessive in relation to that purpose." *Id.* (citation modified). While "it is sufficient that the plaintiff show that the defendant's action or inaction was . . . objectively unreasonable, that is, the

plaintiff must show that the defendant should have known of that condition and that risk, and acted accordingly," it is "not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." *Id.* at 611–12 (citation modified).

**A. Individual Medical Defendants**

First, the Court considers Salinas Perez's § 1983 claims against the individual medical defendants.[1]

"To allege that an officer acted with deliberate indifference, the complaint must make defendant-specific allegations." *Rice v. Adams*, 172 F.4th 428, 432 (4th Cir. 2026). A plaintiff's "allegations must be particular enough to allow one to infer what each defendant did and knew." *Id.* (citing *Iqbal*, 556 U.S. at 678–79). "A plaintiff who makes only collective allegations against all Defendants—without specifying how each individual defendant interacted with her or bore responsibility for the alleged constitutional deprivation—has not stated a plausible claim against any defendant." *Id.* (citation modified).

Here, Salinas Perez has alleged the first prong of a deliberate indifference claim. Rheumatoid arthritis is a serious medical condition that requires medical treatment. However, Salinas Perez has not made the necessary defendant-specific allegations to adequately allege the second prong—that Barnes, Norris, and Stringham intentionally, knowingly, or recklessly acted or failed to act to address risks to Salinas Perez's health, that they knew or should have known that their action or inaction risked further harm to Salinas Perez, and that Salinas Perez was harmed as a result of their action or inaction. Instead, in his amended complaint, Salinas Perez merely

[1] The Court construes the amended complaint to include a Fourteenth Amendment claim against the individual medical defendants—Barnes, Norris, and Stringham. Even though the defendants did not move to dismiss this claim, the Court may sua sponte review the sufficiency of pleadings in cases filed in forma pauperis pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

references "medical staff" and a "doctor" who were involved in his medical treatment while incarcerated. ECF 5, at 1, 5; ECF 10, at 1. These generalized allegations are insufficient to state a § 1983 claim against the individual medical defendants. *See Rice*, 172 F.4th at 432.

Salinas Perez's § 1983 claim against Barnes, Norris, and Stringham is dismissed without prejudice.

**B. Director Pesterfield**

Salinas Perez also brings a § 1983 claim against the BCDC Director Walt Persterfield. Again, Salinas Perez fails to state a claim.

A defendant's own action—or failure to act—is required for liability under § 1983. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). There is no *respondeat superior* liability under § 1983. *Love-Lane*, 355 F.3d at 782. Supervisory officials like Pesterfield may be liable for the conduct of their subordinates. To state a claim for supervisory liability under § 1983 based on a subordinate's conduct, the plaintiff must allege that (1) "the supervisor had actual or constructive knowledge that her subordinate's conduct posed a pervasive and unreasonable risk of constitutional injury to persons in the plaintiff's position"; (2) the supervisor responded in a manner that "exhibited deliberate indifference to or tacit authorization of the constitutionally injurious conduct"; and (3) there was "some affirmative causal link . . . between the supervisor's inaction and the plaintiff's constitutional injury." *Bolick v. Anderson*, 169 F.4th 528, 541 (4th Cir. 2026) (citation modified).

Here, Salinas Perez names Pesterfield as a defendant, but beyond that, he does not make any factual allegations about Pesterfield's conduct. He does not identify Pesterfield's role or specify what Pesterfield did or failed to do that violated Salinas Perez's constitutional rights. Nor does Salinas Perez allege that Pesterfield had actual or constructive knowledge of Salinas Perez's

medical condition and his need for treatment. Salinas Perez has not stated a § 1983 claim against Pesterfield. The claim is dismissed without prejudice.[2]

**C. PrimeCare Medical, Inc.**

Salinas Perez's remaining § 1983 claim is against PrimeCare.

PrimeCare is a private corporation. A private corporation that acts on behalf of a state actor may be found liable under a *Monell* theory of liability under limited circumstances. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) (municipal liability under § 1983); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (liability of a private corporation under § 1983). To state a *Monell* claim against a private corporation acting under color of state law, the plaintiff must "identify a . . . 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). A policy or custom may be established in any of four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (citation modified). An entity "may not be held liable under § 1983 solely because it employs a tortfeasor," and the court will not impose liability "under a theory of *respondeat superior*." *Bd. of Cnty. Comm'rs*, 520 U.S. at 403 (citing *Monell*, 436 U.S. at 694); *see Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982) (noting that liability of a private corporation under § 1983/*Monell*, like local government liability under § 1983/*Monell*, requires more than *respondeat superior*).

---

[2] Because the Court dismisses Salinas Perez's § 1983 claim against Pesterfield for failure to state a claim, the Court does not reach Pesterfield's qualified immunity arguments.

Salinas Perez names PrimeCare as a defendant, but he does not mention PrimeCare at all in his amended complaint or supplement. He does not allege any facts that plausibly suggest his injuries resulted from an express PrimeCare policy, the decisions of a PrimeCare employee with policymaking authority, PrimeCare's failure to train medical staff, or a widespread and persistent custom. Salinas Perez's § 1983 claim against PrimeCare is dismissed without prejudice.

### D. Medical Malpractice State Law Claim

It is unclear whether Salinas Perez intended to raise a medical malpractice claim under Maryland's Health Care Malpractice Claims Act. If he did, the Court has supplemental jurisdiction over it. *See* 28 U.S.C. § 1367(a). However, because the Court has dismissed the federal claims over which it has original jurisdiction, the Court "need not exercise" supplemental jurisdiction. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025). The Court may dismiss the state law claim without prejudice instead. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), *superseded by statute on other grounds as stated in Royal Canin*, 604 U.S. at 40. If Salinas Perez intended to assert a state medical malpractice claim, the Court declines to exercise supplemental jurisdiction over it. The claim is dismissed without prejudice.

## IV. Conclusion

For the reasons stated herein, the defendants' motions to dismiss are granted. Salinas Perez's claims are dismissed without prejudice. A separate order follows.

September 29, 2026
Date

Deborah L. Boardman
United States District Judge